# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF OHIO
### WESTERN DIVISION

MARK D. SUTTLES,                                    Civil Action No. 1:06-cv-55
      Petitioner,

                                         Spiegel, J.

      vs.                                         Hogan, M.J.

JEFFREY WOLFE, WARDEN,
NOBLE CORRECTIONAL
INSTITUTION,                                        **REPORT AND**
      Respondent.                                 **RECOMMENDATION**


        Petitioner, a state prisoner, brings this case pro se seeking a Writ of Habeas Corpus pursuant

to 28 U.S.C. §2254.  The case is now before the Court upon the petition (Doc. 1), respondent's

return of writ and exhibits thereto (Doc. 9), and petitioner's traverse to the return of writ. (Doc. 10).


## I.      PROCEDURAL HISTORY

        This case involves the following facts, as summarized by the First District Ohio Court of

Appeals:[1]

> Defendant-appellant Mark Suttles appeals from his convictions for two counts of
> trafficking in drugs. We affirm the judgment of the trial court.
>
> Suttles was indicted on two counts of preparation of crack cocaine for sale in
> violation of R.C. 2925.03(A)(2) and on two counts of possession of cocaine in
> violation of R.C. 2925.11(A).  On November 21, 2003, Suttles pleaded guilty to two
> counts of preparation of crack cocaine for sale and agreed with the prosecutor on a
> sentence of ten years for one count and three years for the other count.  The
> sentences were to run consecutively.  The possession counts were dismissed.

(Doc. 9, Exh. 9 at 1).

        Petitioner was indicted by the August 2003 Term of the Hamilton County, Ohio Grand Jury

---

[1]  The factual findings of the state appellate court are entitled to a presumption of correctness in the absence
of clear and convincing evidence to the contrary.  28 U.S.C. § 2254(e)(1); *see McAdoo v. Elo*, 365 F.3d 487, 493-94
(6th Cir. 2004).

on two counts of Preparation of Crack Cocaine for Sale (R.C. §§2925.03(A)(2)); and two counts of Possession of Cocaine (R.C. §2925.11(A)).  One count for each offense also carried with it a Major Drug Offender Specification. (Doc. 9, Exh. 1).  On November 21, 2003, petitioner entered into a plea agreement wherein he pleaded guilty to both counts of Preparation of Crack Cocaine for Sale in exchange for a sentence of ten years on one count and three years on the other count to run consecutively, and dismissal of the remaining counts and specifications. (Doc. 9, Exhs. 2, 3, 4, 5).

Petitioner, through trial counsel, filed a timely notice of appeal in the First District Court of Appeals on December 12, 2003. (Doc. 9, Exh. 6).  On August 4, 2004, new counsel for petitioner filed a brief pursuant to *Anders v. California*, 386 U.S. 738 (1967), stating that he was unable to find any meritorious issue to present on appeal.[2] (Doc. 9, Exh. 7).  Nevertheless, after consultation with petitioner, counsel set forth in his brief twelve points petitioner wished to be addressed in his appeal. (Doc. 9, Exh. 7, Doc. 10, Exhs. A, B, D).  The State filed a response. (Doc. 9, Exh. 8).  On December 15, 2004, the First District Court of Appeals affirmed the judgment of the trial court after concluding "that the proceedings below were free of error prejudicial to Suttles." (Doc 9, Exh. 9 at 2).

Petitioner filed a pro se notice of appeal and motion for delayed appeal in the Supreme Court of Ohio on February 10, 2005. (Doc. 9, Exhs. 10, 11).  The Supreme Court of Ohio granted petitioner's motion for a delayed appeal and ordered him to file a memorandum in support of jurisdiction. (Doc. 9, Exh. 12).  On April 22, 2005, petitioner filed a pro se memorandum in support

---

[2]Where counsel appointed for the direct appeal believes, after conscientious examination, the appeal to be without merit, *Anders* requires the attorney to so advise the court, ask permission to withdraw, and file a brief directing the appellate court's attention "to anything in the record that might arguably support the appeal."  *Anders*, 386 U.S. at 744 (internal citations omitted).  The defendant must be notified and given the opportunity to raise any additional points. *Id*.

of jurisdiction and raised the following propositions of law:

> **Proposition of Law No. 1:** Because a criminal defendant in Ohio has a Constitutional right to an appeal under Section 3, Article IV of the Ohio Constitution, an accused has a right to a remedy for deprivation of the right to appeal. [Section 16, Article I, Ohio Const. and, U.S.C.A. Const. Amends. V and XIV.]

> **Proposition of Law No. 2:** The Sixth Amendment to the United States Constitution guarantees a criminal defendant the right to [effective] assistance of counsel at all stages of the criminal process. This right is obligatory on every State of the Union pursuant to the Fourteenth Amendment to the United States Constitution.

> **Proposition of Law No. 3:** A defendant-appellant that has been denied effective assistance of trial and appellate counsel has been denied due process, and equal protection of the law. U.S.C.A. Const. Amends. V. VI and XIV.

> **Proposition of Law No. 4:** Ohio's Sentencing Statutes are unconstitutional, as they are in conflict with the Sixth and Fourteenth Amendment jury trial rights. *Blakely v. Washington,* (2004), 542 U.S. ____, 124 S.Ct. 2531; *United States v. Booker,* (2005), ____U.S.____, 125 S.Ct. 738.

> **Proposition of Law No. 5:** When Defendant-Appellant has been denied his right to meaningful appeal and effective assistance of trial and appellate counsel, it is the State that unconstitutionally deprives him of his liberty. U.S.C.A. Const. Amends. I, V, VI, XIV.

(Doc. 9, Exh. 13).  The State filed a memorandum in response on May 20, 2005. (Doc. 9, Exh. 14). On August 10, 2005, the Supreme Court of Ohio denied petitioner leave to appeal and dismissed the appeal as not involving any substantial constitutional question. (Doc. 9, Exhs. 15, 16).

In the meantime, on June 2, 2004, petitioner filed a pro se post-conviction relief petition pursuant to Ohio Rev. Code § 2953.21-23 (Doc. 9, Exh. 17) to which the State filed a motion to dismiss. (Doc. 9, Exh. 18).  The trial court denied the petition on September 1, 2004 (Doc. 9, Exh. 19) and petitioner filed no further appeal.[3] (Doc. 9, Exh. 20).

In addition, while petitioner's direct appellate review was pending in the Supreme Court of

---

[3]Since delayed appeals are not provided for in civil matters, an appeal of the trial court's decision would be barred.  *See* Ohio App. R. 5(A).

Ohio, petitioner filed an application to reopen his direct appeal alleging he was denied effective assistance of appellate counsel. (Doc. 9, Exh. 21).  Petitioner asserted that his appellate counsel was ineffective because he failed to identify and raise as  assignments of error: that the sentence imposed violated *Blakely v. Washington*, 542 U.S. 296 (2004), Ohio case law, and Ohio Criminal Rule 32(A); that the trial court failed to honor the plea agreement as to all jail time credit pursuant to Ohio law; that the trial court abused its discretion in imposing a twenty thousand dollar fine upon an indigent defendant without a hearing; and that the trial court impermissibly participated in the plea negotiations and assisted trial counsel's use of coercion and intimidation to compel petitioner's guilty pleas. (Doc. 9, Exh. 21).  On April 12, 2005, petitioner filed a motion requesting the state appellate court to take judicial notice of supplemental authority. (Doc. 9, Exh. 22).  On April 19, 2005, the state appellate court denied petitioner's application concluding that a Crim. R. 32.1 motion to withdraw plea or a post-conviction petition were the appropriate vehicles to challenge the validity of his pleas. In addition, the appellate court determined that petitioner's claims involving the trial court's sentencing determinations were barred under the doctrine of *res judicata.* (Doc. 9, Exh. 23).  On the same date, the state appellate court also overruled petitioner's motion for judicial notice of supplemental authority. (Doc. 9, Exhs. 24, 25).

On May 23, 2005, petitioner filed a *pro se* Notice of Appeal along with a *pro se* Memorandum in Support of Jurisdiction in the Supreme Court of Ohio. (Doc. 9, Exhs. 26, 27).  Petitioner raised the following two propositions of law:

> **Proposition of Law No. 1:** Ohio's Appellate Rule 26(B)(1), (B)(2)(6), and (B)(5) mandates that application "shall be granted if there is a genuine issue as to whether applicant was deprived of effective assistance of counsel on appeal." [U.S.C.A. Const. Amends. I, V, VI, and XIV.]

> **Proposition of Law No. 2:** Evidence Rule 201 and 102 are mandatory when properly

> before the court upon matters that cannot be disputed by the parties, or the Court in
> this matter. Thus, the Court of Appeals has denied Appellant his rights of Due Process
> of Law, and Equal Protection of the Law, and Meaningful Access to the Court.
> [U.S.C.A. Const. Amends. I, V, VI, XIV.]

(Doc. 9, Exh. 27). The State filed a memorandum in response on June 22, 2005. (Doc. 9, Exh. 28).

On August 10, 2005, the Supreme Court of Ohio accepted the appeal, but only as to petitioner's first

proposition of law and *sua sponte* stayed the matter pending the decisions in *State v. Quinones,* Case

No. 04-1771, and *State v. Foster,* Case No. 04-1568. (Doc. 9, Exh. 29). After an earlier attorney had

originally been appointed to assist petitioner in his appeal, the Supreme Court of Ohio subsequently

*sua sponte* appointed the Ohio Public Defender to represent petitioner. (Doc. 9, Exh. 30). On May 3,

2006, the Supreme Court of Ohio *sua sponte* dismissed the Suttles' appeal after concluding that it had

been "improvidently accepted." (Doc. 9, Exhs. 31, 32).

On January 26, 2006, petitioner filed a petition for writ of habeas corpus in this Court. (Doc.

1). On June 21, 2006, petitioner amended the petition as per his motion "to amend the newly

exhausted state court claims from the Ohio Appellate Rule 26(B) proceedings." (Doc. 7). Petitioner

raises the following grounds for relief:

> **Ground One**: The conviction and sentence is (sic) void pursuant to the Sixth
> Amendment of the United States Constitution.
>
> > 1) Petitioner was denied his right to effective assistance of trial counsel, and
> > court appointed appellate counsel to prosecute his appeal as of right.
>
> **Ground Two**: The conviction and sentence is (sic) void pursuant to the Fifth and
> Fourteenth Amendments to the United States Constitution Due Process and Equal
> Protection Clause(s).
>
> > 1) Petitioner [was] denied effective assistance of trial counsel in criminal case
> > number B-0304149-B.
> >
> > 2) Petitioner [was] denied effective assistance of appellate counsel in [his]
> > direct appeal from the trial court [in] criminal case number B-0304149-B in the

5

first District Court of Appeals Number C-030908.

**Ground Three:** The First District Court of Appeals, in appeal number C- 030908, has deprived the indigent in pro se his constitutional rights to present his constitutional claims and federal questions fairly in the state's appellate process.

**Ground Four:** The Supreme Court of Ohio, in Case Number 2005-0310, has deprived the indigent in pro se his constitutional right to present his constitutional claims and federal questions in the state's appellate process.

**Ground Five:** Ohio's Appellate Rule 26(B)(1), (B)(2)(6), and (B)(5), mandates that application "shall be granted if there is a genuine issue as to whether applicant was deprived of effective assistance of counsel on appeal." [U.S.C.A. Const. Amends. I, V, VI, and XIV]

**Ground Six:** Evidence Rule 201 and 102 are mandatory when properly before the court upon matters that cannot be disputed by the parties, or the Court in this matter. Thus, the Court of Appeals has denied Appellant his rights of Due Process of Law and Equal Protection of the Law, and of Meaningful Access to the Court. [U.S.C.A. Const. Amends. I, V, VI, XIV]

(Docs. 1, 7, and 10 at 4-5).

## II.  STANDARD OF REVIEW

On federal habeas review, the factual findings of the state appellate court are entitled to a presumption of correctness in the absence of clear and convincing evidence to the contrary. 28 U.S.C. § 2254(e)(1).  *See McAdoo v. Elo*, 365 F.3d 487, 493-94 (6th Cir. 2004); *Mitzel v. Tate*, 267 F.3d 524, 530 (6th Cir. 2001).  This Court is bound by the state court adjudications unless those decisions are contrary to or an unreasonable application of clearly established federal law. *Franklin v. Francis*, 144 F.3d 429, 433 (6th Cir. 1998).

Under the Antiterrorism and Effective Death Penalty Act of 1996, Pub. L. No. 104- 132, 110 Stat. 1214 ("AEDPA"), a writ of habeas corpus may not issue with respect to any claim adjudicated on the merits in state court unless the adjudication either:

1.      resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or

2.      resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d).

The phrases "contrary to" and "unreasonable application" have independent meanings:

A federal habeas court may issue the writ under the 'contrary to' clause if the state court applies a rule different from the law set forth in . . . [Supreme Court] cases, or if it decides a case differently that we have done on a set of materially indistinguishable facts.  The court may grant relief under the 'unreasonable application' clause if the state court correctly identifies the governing legal principle from ... [the Supreme Court's] decisions but unreasonably applies it to the facts of a particular case.  The focus on the latter inquiry is whether the state court's application of clearly established federal law is objectively unreasonable . . . and an unreasonable application is different from an incorrect one.

*Bell v. Cone*, 535 U.S. 685, 694 (2002)(citation omitted).

Upon review of the entire record, this Court concludes that petitioner has failed to establish that the findings of the state appellate court are unreasonable as to justify federal habeas corpus relief. *See Williams v. Taylor*, 529 U.S. 362 (2000).


## III.  GROUNDS FOUR, FIVE AND SIX ARE NOT COGNIZABLE IN HABEAS CORPUS

Ground Four of the petition alleges that the Ohio Supreme Court deprived petitioner of his right to present his constitutional claims to that court by granting his motion for delayed appeal and then failing to address his propositions of law on their merits.  Ground Five of the petition asserts that the Ohio Court of Appeals incorrectly denied petitioner's application to reopen his appeal based on ineffective assistance of appellate counsel because he in fact presented a genuine issue of ineffective assistance of counsel in accordance with Ohio Appellate Rule 26(B).  Ground Six of the petition

alleges that the Ohio Court of Appeals erred by failing to take judicial notice pursuant to Ohio

Evidence Rules 102 and 201 of the court of appeals' decision in *State v. Montgomery* which held,

pursuant to *Blakely,* that the statutory maximum for an offender who has not previously served a

prison term is the minimum prison term allowed by law for the offense.

The Court finds that these allegations of error fail to give rise to a cognizable constitutional

claim subject to review in this federal habeas proceeding.

A federal court may review a state prisoner's habeas petition only on the ground that the

challenged confinement violates the Constitution, laws or treaties of the United States, and not "on

the basis of a perceived error of state law." 28 U.S.C. § 2254(a); *Pulley v. Harris,* 465 U.S. 37, 41

(1984); *see also Estelle v. McGuire,* 502 U.S. 62, 67-68 (1991) ("it is not the province of a federal

court to reexamine state-court determinations on state-law questions").  Petitioner's claims, which

stem from alleged errors on second-tier discretionary review by the Ohio Supreme Court, as well as

from the Ohio Court of Appeals' denial of petitioner's application to reopen his direct appeal and

denial of his motion requesting the court take judicial notice of supplemental authority, do not trigger

concerns about a possible violation of petitioner's federal constitutional rights.

It is well-settled that an appellant challenging his state criminal conviction is entitled to

federal due process protection when the state provides for an appeal as of right or first-tier review by

an intermediate court of appeals sitting in its error-correction capacity.  *See, e.g., Halbert v.

Michigan,* 545 U.S. 605, 616-23 (2005); *Evitts v. Lucey,* 469 U.S. 387, 392-93 (1985).  These

constitutional protections do not extend beyond the appellant's appeal as of right, however, to

subsequent state discretionary appeals or collateral review.  *See Coleman v. Thompson,* 501 U.S. 722,

755-57 (1991) (relying on *Ross v. Moffitt,* 417 U.S. 600, 616 (1974), and *Pennsylvania v. Finley,* 481

U.S. 551, 556 (1987)).

In Ohio, a criminal defendant's first appeal as of right is his direct appeal to the Ohio Court of Appeals, where he has the constitutional right to effective assistance of counsel in prosecuting that appeal. *See State v. Vaughn,* 241 N.E.2d 288 (Ohio Ct. App. 1968). Petitioner exercised his constitutional right to a first appeal as of right to the Ohio Court of Appeals in this case.

The right did not extend to further discretionary review by the Ohio Supreme Court or the Court of Appeals' subsequent denial of petitioner's application for reopening of the appeal.[4] In an en banc decision, the Sixth Circuit has decided that in accordance with Ohio's long-standing practice, Rule 26 applications, which fall "beyond the stage in the appellate process at which the claims have once been presented by a lawyer and passed upon by an appellate court," *Douglas v. California,* 372 U.S. 353, 356 (1963), are to be considered "part of the collateral, post-conviction process rather than direct review" and thus are not covered by the constitutional protections afforded a defendant during his direct appeal. *See, e.g., Lopez v. Wilson,* 426 F.3d 339, 344 n.3, 351-57 (6th Cir. 2005) (en banc) (and numerous state cases cited therein), *cert. denied,* 126 S.Ct. 1880 (2006); *Morgan v. Eads,* 818 N.E.2d 1157, 1160-61 (Ohio 2004) (and state cases cited therein).

Accordingly, the Court concludes that constitutional concerns were not triggered by the Ohio Supreme Court's dismissals of petitioner's discretionary appeals without opinion, or by the Ohio Court of Appeals' denial of petitioner's application for reopening of the appeal or denial of his

---

[4]In Ohio's supreme court, there are several types of appeals which include "appeals of right" in capital cases and in cases that originated in the court of appeals; "claimed appeals of right" in cases where the appellant asserts the existence of a "substantial constitutional question;" and "discretionary appeals" in cases involving a felony or a question of public or great general interest. *See* Rule II, §1(A), Rules of Practice of the Supreme Court of Ohio. This non-capital case, which originated in the trial court, does not involve an appeal of right to the Ohio Supreme Court. Therefore, petitioner could invoke the state supreme court's appellate jurisdiction only as a "claimed appeal of right" or "discretionary appeal." The Rules of Practice of the Supreme Court of Ohio clearly provide that in such cases, the court has the discretion to determine whether or not to allow the appeal. *See* Rule II, §§ 1(A)(2) and 1(A)(3), and Rule III, § 6, Rules of Practice of the Supreme Court of Ohio.

motion to take judicial notice of supplemental authority.  Petitioner's allegations do not give rise to cognizable grounds for relief in this federal habeas corpus proceeding.

Accordingly, petitioner is not entitled to habeas relief based on the non-cognizable claims alleged in Grounds Four, Five, and Six of the petition.

## IV.  PETITIONER'S REMAINING GROUNDS FOR RELIEF ARE WITHOUT MERIT

Ground One of the petition alleges that petitioner was denied the effective assistance of trial and appellate counsel in violation of the Sixth Amendment and *Blakely v. Washington*, 542 U.S. 296 (2004).  Petitioner  asserts that trial counsel failed to object to the imposition of a thirteen year mandatory prison term based on facts not admitted to by petitioner nor presented to a jury and that the trial court imposed aggregate/consecutive prison terms without making mandatory findings under Ohio's unconstitutional sentencing statutes.  He also asserts that appellate counsel failed to raise these claims on appeal, but rather filed an *Anders* brief which effectively denied petitioner his right of appeal.

Ground Two of the petition asserts that trial counsel was ineffective because he failed to investigate the legality of the search warrant, arrest and indictment; allowed petitioner to be sentenced in violation of *Blakely* and Ohio Rev. Code § 2929.14(B); and allowed the trial court to impose consecutive sentences contrary to Ohio law as set forth in *State v. Comer*, 99 Ohio St. 3d 463, 793 N.E. 2d 473 (2003).  Petitioner claims appellate counsel was ineffective because he failed to raise on appeal claims petitioner wished to raise and failed to forewarn petitioner of the *Anders* brief or his right to present his claims pro se.

In Ground Three, petitioner claims that the Ohio Court of Appeals denied him his right to appeal when after appointed counsel filed an *Anders* brief, petitioner was not given an opportunity to

file an appellate brief pro se thereby denying him due process and equal protection of the law.  He also asserts that the Ohio Court of Appeals' denial of his application to reopen his appeal was contrary to clearly established federal law. (Doc. 10 at 19).

While Ground Four of the petition challenges the Ohio Supreme Court's failure to review petitioner's claims on the merits as discussed above, it also appears that petitioner, in part, contends that his *Blakely* claim has been exhausted and should be addressed by this federal court on federal habeas corpus review.

Grounds One, Two, Three and Four of the petition allege overlapping claims of ineffective assistance of trial counsel, ineffective assistance of appellate counsel, sentencing in violation of *Blakely v. Washington*, violation of rights under *Anders*, and violations of state law.

**1.  Petitioner's *Blakely* claim is without merit.**

Petitioner contends that the trial court violated his Sixth Amendment rights when the court imposed a thirteen year mandatory sentence based on findings not admitted to by petitioner or found beyond a reasonable doubt by a jury in violation of *Blakely v. Washington*, 542 U.S. 296 (2004).  In *Blakely,* the United States Supreme Court held that an enhanced sentence imposed by a judge under a state's sentencing statute, which was based on facts neither admitted by the defendant nor found by a jury, violated the Sixth Amendment to the United States Constitution.  The defendant in *Blakely* entered a guilty plea and, pursuant to the plea agreement, the state recommended a sentence within the standard range of 49 to 53 months. *Id*. at 300.  The trial judge rejected the recommended sentence and, instead, imposed an exceptional sentence of 90 months based upon his own finding, by a preponderance of the evidence, that the defendant had acted with "deliberate cruelty." 542 U.S. at

11

302-304.  The Supreme Court reversed the defendant's sentence imposed under the state's determinate sentencing scheme after finding the trial judge had enhanced the defendant's kidnaping sentence beyond the statutory maximum based upon facts neither admitted to by the defendant nor found by the jury. *Id*. at 303.  The Supreme Court held that "[o]ther than the fact of a prior conviction, any fact that increases the penalty for a crime beyond the prescribed statutory maximum must be submitted to a jury, and proved beyond a reasonable doubt." *Blakely,* 542 U.S. at 303. Importantly, the *Blakely* Court clarified that "the 'statutory maximum' . . . is the maximum sentence a judge may impose solely on the basis of the facts reflected in the jury verdict or admitted by the defendant." *Id.*

The reasoning of *Blakely* was extended by the Supreme Court to the United States Sentencing Guidelines in *United States v. Booker*, 543 U.S. 220 (2005), which held that the Sixth Amendment as construed in *Blakely* applied to the Federal Sentencing guidelines and thus any fact (other than a prior conviction) that increases a defendant's sentence beyond the statutory maximum must be presented to a jury and proved beyond a reasonable doubt.  *See Booker*, 543 U.S. at 244.

In the instant case, petitioner was sentenced on two counts of preparation of crack cocaine for sale in violation of R.C. 2925.03(A)(2) in exchange for dismissal of the two counts of possession of cocaine in violation of R.C. 2925.11(A), dismissal of the major drug offender specifications, and a recommended sentence of ten years for one count and three years for the other count, with the sentences to run consecutively for a total of thirteen years imprisonment, pursuant to a plea agreement.   Petitioner contends his sentence violates the Sixth Amendment because the trial judge imposed a thirteen year mandatory prison term based on facts not admitted to by petitioner nor presented to a jury in contravention of *Blakely*. (Doc. 1, Doc. 10 at 16).

Contrary to petitioner's argument, he was not sentenced beyond the statutory maximum on the two counts to which he pleaded guilty.  The penalty under Count 2 for preparation pursuant to Ohio Rev. Code § 2925.03(A)(2) and (C)(4)(g)[5] was a mandatory term of ten years.  *See* Doc. 9, Exh. 2, Exh. 5 at 2-3, 5.  The penalty under Count 4 for preparation "near a school" under Ohio Rev. Code § 2925.03(A)(2) and (C)(4)(e) ranged from three to ten years imprisonment.  Petitioner was sentenced to the mandatory minimum of three years. *Id.*  There was no enhancement of petitioner's sentence beyond the ten year mandatory term in Section 2925.03(C)(4)(g)[6] and petitioner received no more than the mandatory minimum of three years for Count 4 of the indictment.  The trial court did not impose more than the minimum prison terms permitted under the two counts upon which petitioner was convicted.  His plea of guilty established the facts of the violations and there was no enhancement of his sentence based upon any other facts.  Therefore, petitioner's *Blakely* claim in this regard is without merit.

---

[5]R.C. § 2925.03(C)(4)(g) provides:

If the amount of the drug involved equals or exceeds one thousand grams of cocaine that is not crack cocaine or equals or exceeds one hundred grams of crack cocaine and regardless of whether the offense was committed in the vicinity of a school or in the vicinity of a juvenile, trafficking in cocaine is a felony of the first degree, the offender is a major drug offender, and the court shall impose as a mandatory prison term the maximum prison term prescribed for a felony of the first degree and may impose an additional mandatory prison term prescribed for a major drug offender under division (D)(3)(b) of section 2929.14 of the Revised Code.

[6]In *State v. Chandler*, 109 Ohio St.3d 223, 228, 846 N.E.2d 1234, 1238 (2006), the Ohio Supreme Court stated:

In *State v. Foster,* 109 Ohio St.3d 1, 2006-Ohio-856, 845 N.E.2d 470, we held that R.C. 2929.14(D)(3)(b) is unconstitutional under *Apprendi v. New Jersey* (2000), 530 U.S. 466, 120 S.Ct. 2348, 147 L.Ed.2d 435, and *Blakely v. Washington* (2004), 542 U.S. 296, 124 S.Ct. 2531, 159 L.Ed.2d 403, because it required judicial factfinding before an additional ten years of prison could be imposed. Id. at paragraph five of the syllabus. We severed R.C. 2929.14(D)(3)(b) to remedy the constitutional violation. Id. at paragraph six of the syllabus. As the statute now stands, a major drug offender *still faces the mandatory maximum ten-year sentence that the judge must impose and may not reduce*. Only the add-on that had required judicial fact-finding has been severed. Id. (emphasis added).

Petitioner also contends that the trial court imposed consecutive prison terms without making the required consecutive sentence findings pursuant to *State v. Comer,* 99 Ohio St.3d 463, 793 N.E.2d 473 (2003) (overruled by *State v. Foster,* 109 Ohio St.3d 1, 845 N.E.2d 470 (2006))[7]. Petitioner raises this claim solely as an issue of state law. His challenge to the state court's interpretation and application of Ohio's sentencing laws is simply not cognizable in federal habeas corpus. *See* 28 U.S.C. § 2254(a); *Pulley,* 465 U.S. at 41. Thus, petitioner's claim is not cognizable in this proceeding.

Even if the Court were to construe petitioner's claim as one challenging consecutive sentences under *Blakely*, his claim would be without merit. Unlike the trial court in *Blakely* which imposed an exceptional sentence of 90 months despite the state's recommended sentence of the standard 49 to 53 months, the trial court in petitioner's case did not base the consecutive sentence on factual findings, but rather accepted and imposed the parties' agreed-upon sentence. (Doc. 9, Exh. 2 and Exh. 5 at 2-3, 10-11).[8] A stipulated sentence made pursuant to a plea agreement removes the onus of fact-finding

---

[7]In *State v. Foster*, 109 Ohio St.3d 1, 845 N.E.2d 470 (2006), *cert. denied,* 127 S.Ct. 442 (2006), the Supreme Court of Ohio, based on *Blakely*, found several provisions of Ohio's felony sentencing structure to violate the Sixth Amendment. Relevant to petitioner's case, the court found that "with limited exceptions, the Ohio Revised Code provides that consecutive sentences in Ohio may not be imposed except after additional fact-finding by the judge." *Foster,* 109 Ohio St.3d at 21, 845 N.E.2d at 491. The court ruled: "Because R.C. 2929.14(E)(4) and 2929.41(A) require judicial finding of facts not proven to a jury beyond a reasonable doubt or admitted by the defendant before the imposition of consecutive sentences, they are unconstitutional." *Id.* at 2, 845 N.E.2d at 475 (syllabus, ¶ 3). The court also ruled, however, that: "R.C. 2929.14(E)(4) and 2929.41(A) are capable of being severed. After the severance, judicial fact-finding is not required before imposition of consecutive prison terms." *Id.* at 2, 845 N.E.2d at 475 (syllabus, ¶ 4). As a result, Ohio "trial courts are now *no longer required to make any findings or give any reasons* when imposing consecutive sentences." *Minor v. Wilson,* No. 05-3534, 2007 WL 106771, at *6 n. 1 (6th Cir. Jan. 17, 2007)(emphasis added).

[8]The colloquy between the trial judge and petitioner is as follows:

THE COURT: After your discussions with your attorney do you believe it's in your best interest to accept this plea bargain wherein Count 1 and the MDO [major drug offender] spec is dismissed and the specification, major drug offender specification to Count 2 is dismissed, and Count 3 is dismissed, and the other indictment against you, B-0303306 is dismissed.
And then you are pleading guilty to Counts 2 and 4 for a ten on one count, three on another, consecutive,

from the trial court under Ohio law.  The Ohio Supreme Court has held that "[o]nce a defendant stipulates that a particular sentence is justified, the sentencing judge need not independently justify the sentence." *State v. Porterfield*, 106 Ohio St.3d 5, 829 N.E.2d 690 (2005).[9]  Because a *Blakely* claim "is premised upon the need for a jury to make certain statutorily required sentencing findings," *State v. Brown*, 2006 WL 225524, *3 (Ohio Ct. App. 10 Dist. 2006), where the parties agree to a particular sentence and jointly recommend the sentence, no findings are statutorily required to impose the sentence under Ohio law.  *See Porterfield*, 106 Ohio St.3d 5, 2005-Ohio-3095, at ¶ 25-26.  "As

---

> for a 13 year sentence.
> Do you understand that sir?
> DEFENDANT SUTTLES: Yes.
> THE COURT: Do you believe that it is in your best interest, after talking to your attorney, to enter this plea?
> DEFENDANT SUTTLES: Yes.

(Doc. 9, Exh. 5 at 10-11).

[9]In *Porterfield*, the State Court of Appeals reversed the defendant's sentence based on the trial court's failure to comply with *State v. Comer,* 99 Ohio St.3d 463, 793 N.E.2d 473 (2003), which required that a trial court articulate both "findings" for imposing consecutive sentences and "reasons" for those findings.  The Supreme Court of Ohio reversed, reasoning:

> Porterfield's sentence was entered pursuant to a plea bargain in which Porterfield agreed to the precise sentence that was imposed.  "A sentence imposed upon a defendant is not subject to review under this section if the sentence is authorized by law, has been recommended jointly by the defendant and the prosecution in the case, and is imposed by a sentencing judge." R.C. 2953.08(D).  Porterfield's sentence was authorized by law, was recommended jointly by him and the prosecution, and was imposed by a sentencing judge.  Pursuant to R.C. 2953.08(D), Porterfield's sentence is not subject to review.  The General Assembly intended a jointly agreed-upon sentence to be protected from review precisely because the parties agreed that the sentence is appropriate.  *Once a defendant stipulates that a particular sentence is justified, the sentencing judge no longer needs to independently justify the sentence.* Pursuant to R.C. 2953.08(D), the trial court's compliance with R.C. 2929.19 and *Comer* was not required.

*State v. Porterfield*, 106 Ohio St.3d 5, 9-10, 829 N.E.2d 690, 694 (2005) (emphasis added).

Although the Ohio Supreme Court subsequently struck down as unconstitutional several provisions of Ohio's  sentencing law in *Foster*, Section 2953.08(D) was not among the provisions severed.  *See State v. Foster,* 109 Ohio St.3d 1, 845 N.E.2d 470 (2006).  "Nor did *Foster* change the statutory range of punishments. Thus, any sentence imposed upon an offender that falls within the statutory range of available sentences still remains a sentence 'authorized by law'" under R.C. 2953.08(D). *State v. Billups*, 2007 WL 853335, *2 (Ohio App. 10 Dist. 2007).

there is no statutory requirement that findings be made, *Apprendi* and *Blakely* are inapplicable to [a]

defendant's . . . sentence." *State v. Brown*, 2006 WL 225524, *3, citing *State v. Ranta,* 2005 WL

1705744, *3 (Ohio Ct. App. 8 Dist. 2005) ("*Blakely* addresses only those instances in which a judge

makes findings statutorily required for the imposition of certain sentences. Because we conclude in

the case at bar that as a result of the plea agreement no findings were required, *Blakely* does not apply

for this very specific reason"). As explained by one court:

> The theory behind the refusal to review agreed-upon sentences remains constant, even
> after *Foster. State v. Woods,* 2d Dist. No. 05CA0063, 2006-Ohio-2325, at ¶¶ 14-15;
> see, also, *State v. Covington,* 5th Dist. No. CT2005-0038, 2006-Ohio-2700, at ¶¶ 13-
> 14; *State v. Hammond,* 8th Dist. No. 86192, 2006-Ohio-1570, at ¶ 14. "The General
> Assembly intended a jointly agreed-upon sentence to be protected from review
> precisely because the parties agreed that the sentence is appropriate." *Porterfield,*
> supra, at ¶ 25.

*State v. Kimble*, 2006 WL 3350483, *5 (Ohio Ct. App. 11 Dist. 2006). The Ohio appellate courts are

in accord that *Foster* and *Blakely* do not require re-sentencing where the defendant and the State have

agreed upon a particular sentence. *See State v. Spurling*, 2007 WL 624993, *3 (Ohio Ct. App. 1 Dist.

2007); *State v. Woods*, 2006 WL 1284613, *2 (Ohio Ct. App. 2 Dist. 2006); *State v. Giesey,* 2006 WL

3771982, *2 (Ohio Ct. App. 3 Dist. 2006); *State v. Bower*, 2006 WL 3530134, *3 (Ohio Ct. App. 4

Dist. 2006); *State v. Carrico*, 2007 WL 427909, *3 (Ohio Ct. App. 5 Dist. 2007); *State v. Nguyen*,

2007 WL 1229306, *5 (Ohio Ct. App. 6 Dist. 2007); *State v. Jackson*, 2006 WL 1705133, *9 (Ohio

Ct. App. 8 Dist. 2006); *State v. Billups*, 2007 WL 853335, *2 (Ohio Ct. App. 10 Dist. 2007); *State v.

Kimble*, 2006 WL 3350483, *5 (Ohio Ct. App. 11 Dist. 2006).

The federal courts have applied a similar rationale when a defendant bargains for and receives

the specific sentence stipulated to as part of a plea bargain. Where a defendant "voluntarily exposed

himself to a specific punishment, [he] cannot now claim he was the victim of a mandatory sentencing

16

system." *United States v. Silva,* 413 F.3d 1283, 1284 (10th Cir. 2005) (holding no *Booker* error in

sentencing defendant to the specific sentence bargained for in plea agreement).  *See also United*

*States v. Pacheco-Navarrette,* 432 F.3d 967, 971 (9th Cir. 2005) ("where a defendant was sentenced

after pleading guilty pursuant to a plea agreement that included a specific sentence stipulation that did

not exceed the statutory maximum and was not contingent upon the Guidelines, remand is not

required to comport with *Booker* and *Ameline.*"); *United States v. Cieslowski,* 410 F.3d 353, 364 (7th

Cir. 2005) ("[a] sentence imposed under a Rule 11(c)(1)(C) plea arises directly from the agreement

itself, not from the Guidelines .... As *Booker* is concerned with sentences arising under the

Guidelines, it is inapplicable in this situation."), *cert. denied*, 126 S. Ct. 1021 (2006); *United States v.*

*Sahlin,* 399 F.3d 27, 32-33 (1st Cir. 2005)(holding no *Booker* violation because defendant stipulated

to his sentence under Rule 11(c)(1)(C)).  Likewise, this Court has previously recognized that "by

agreeing as a term of the plea bargain to a specified prison sentence . . . petitioner waived any

argument that such sentence was imposed under statutory standards held to be unconstitutional by the

Supreme Court in *State v. Foster*, 845 N.E.2d 470 (Ohio 2006), in light of *Blakely v. Washington*, 542

U.S. 296 (2004)." *Todd v. Wolfe*, Case No. 1:05-cv-737 (S.D. Ohio March 28, 2007) (Spiegel, J.),

2007 W.L. 951616, *7 n. 8, citing *State v. Richardson,* No. 87886, 2007 WL 18792, at *1 (Ohio Ct.

App. 8 Dist. 2007) (unpublished) (and cases cited therein); *State v. Kimble,* No.2005-T-0085, 2006

WL 3350483, at *5 (Ohio Ct. App. 11 Dist. 2006) (unpublished) (and cases cited therein); *State v.*

*Bower,* No. 06CA3058, 2006 WL 3530134, at *3 (Ohio Ct. App. 4 Dist. 2006) (unpublished) (and

cases cited therein); *State v. Graham,* No. 05AP-588, 2006 WL 465104, at *3 (Ohio Ct. App. 10 Dist.

2006) (unpublished) (and cases cited therein), *appeal dismissed,* 849 N.E.2d 1029 (Ohio 2006).  *See*

*also Rockwell v. Hudson*, 2007 WL 892985, *7 (N.D. Ohio 2007), citing *State v. Jones,* No. 06AP-

17

354, 2006 WL 3703859, at *3 (Ohio Ct. App. 10 Dist. 2006) (given joint sentencing recommendation, no findings statutorily required, thus *Apprendi* and *Blakely* inapplicable); *State v. Jackson,* No. 86506, 2006 WL 1705133, at *9 (Ohio Ct. App. 8 Dist. 2006) (as result of plea agreement, no findings required, thus *Blakely* inapplicable).

Based on the admitted facts, and consistent with the agreed-upon consecutive sentence set forth in the "Guilty Plea/Agreed Sentence" (Doc. 9, Exh. 2), petitioner was sentenced to thirteen years imprisonment.  Petitioner's sentence was not increased beyond the 13 years stipulated to in the plea agreement.  Petitioner's sentence was based on the facts he admitted and the sentence he stipulated to, and not on any facts found solely by the trial court.  The trial judge's sentence arose directly from the plea agreement itself and not on any judicially-found facts. (Doc. 9, Exh. 5 at 16). The trial court accepted the terms bargained for by the parties and, under these circumstances, the Court cannot say that petitioner's sentence violated the Sixth Amendment or *Blakely.*

In so ruling, the undersigned acknowledges there is a contrary decision from the Columbus Division of this Court.  In *Friley v. Wolfe,* 2006 WL 3420209 (S.D. Ohio Nov. 27, 2006) (Marbley, J.), the Court vacated the petitioner's sentence imposed after a plea agreement which included a recommended sentence of five years finding the sentence violated *Blakely.*  The Court determined that although the parties jointly recommended a sentence of five years, the trial court was not required to accept the recommendation, nor did the joint recommendation "constitute a stipulation by petitioner to any factual findings that were required to be made by the trial court before it could impose a sentence greater than the statutory maximum." 2006 WL 3420209, *11.  The *Friley* Court stated that "[w]hile it does appear that petitioner waived the right to appeal his sentence under O.R.C. § 2953.08(D) since the trial court imposed the jointly recommended sentence, nothing in the record before this Court reflects that petitioner was advised that he was waiving the right to appeal his

sentence by agreeing to a jointly recommended sentence." *Id*.

The undersigned respectfully disagrees with the result reached by *Friley*.  Once the parties agree to a specific sentence as part of the plea agreement, there is no further statutory fact-finding required to impose the sentence pursuant to *Porterfield*, 106 Ohio St.3d 5 (and its progeny) and *Blakely* does not require re-sentencing.

In addition, the Sixth Circuit case primarily relied upon by *Friley* is factually inapposite to a situation where the parties have stipulated to a specific sentence.  In *U.S. v. Amiker*, 414 F.3d 606, 607 (6th Cir. 2005), cited by *Friley*, the defendant pleaded guilty to an offense which, under the United States Sentencing Guidelines, provided a sentence range of 121 to 151 months' imprisonment. At sentencing, the trial judge imposed sentencing enhancements which placed the defendant in the sentence range of 168 to 210 months' imprisonment under the guidelines.  The district court sentenced Amiker to 168 months' imprisonment, "greater than the maximum of 151 months allowed by the facts to which Amiker admitted" and unsupported by facts found by a jury.  The Sixth Circuit held that the sentencing determination violated the Sixth Amendment under *Booker*, 543 U.S. 220, stating:

> The Supreme Court has said that where a defendant pleads guilty, the government "'is free to seek judicial sentence enhancements so long as the defendant either stipulates to the relevant facts or consents to judicial factfinding.'" *Booker*, 125 S.Ct. at 774 (Stevens, J., concurring in part and dissenting in part) (quoting *Blakely v. Washington*, 542 U.S. 296 (2004)). The plain meaning of this language, and the equally plain language of *Booker* and *Blakely*, indicate that consent to judicial factfinding cannot be found in an ordinary plea agreement.  At the time of Amiker's plea agreement and sentencing, *all plea agreements required, either explicitly or implicitly, that a defendant agree to sentencing under the Guidelines*. Where this requirement is spelled out, we see no reason to imply consent to judicial factfinding. That Amiker, in his plea agreement, agreed to be sentenced pursuant to the Sentencing Guidelines, does not preclude him from raising the *Booker* error on appeal.

*Amiker*, 414 F.3d at 607-608 (emphasis added).

19

Unlike the plea agreement in *Amiker*, the plea agreement in the instant case included the specific sentence to which petitioner agreed, *i.e.*, ten years and three years imprisonment to be served consecutively. The trial court imposed the specific sentence bargained for in the plea agreement. Had the trial judge rejected the agreed-upon sentence and imposed a sentence in excess of the 13 year term stipulated to by the parties the undersigned might be faced with a situation akin to *Amiker*. But where, as here, petitioner agrees to a specific term of imprisonment in his plea agreement, the sentence imposed arises directly from the agreement itself and not from any additional facts found by the trial judge pursuant to the consecutive sentencing statute. The Court also notes that the decision in *Friley* appears to be contrary to the Ohio and federal case authority cited above. For these reasons, the undersigned declines to follow *Friley* and recommends that petitioner's *Blakely* claim be denied.


**2. Petitioner's ineffective assistance of trial counsel claim is without merit.**

Petitioner contends his trial counsel was ineffective because he failed to object to the imposition of a sentence that violated *Blakely* and Ohio law, and failed to investigate the legality of the search warrant, arrest and indictment.

To demonstrate that counsel's performance was constitutionally ineffective, petitioner must show: (1) his counsel made such serious errors that he was not functioning as the counsel guaranteed by the Sixth Amendment; and (2) his counsel's deficient performance prejudiced the defense by undermining the reliability of the result. *Strickland v. Washington,* 466 U.S. 668, 687 (1984). The Court may dispose of an ineffective assistance of counsel claim by finding that petitioner made an insufficient showing on either ground. *Id*. at 697.

Under the first prong of the *Strickland* test, petitioner must demonstrate that his counsel's

representation fell below an objective standard of reasonableness based on all the circumstances surrounding the case. *Id*. at 688. Under the "prejudice" prong of the *Strickland* test, petitioner must show that a "reasonable probability" exists that, but for his counsel's errors, the result of the criminal proceedings would have been different. *Id*. at 694.

In a case such as this involving a conviction obtained upon the entry of a guilty plea, the second "prejudice" prong of the *Strickland* test "focuses on whether counsel's constitutionally ineffective performance affected the outcome of the plea process." *Hill v. Lockhart,* 474 U.S. 52, 59 (1985). *See also Thomas v. Foltz,* 818 F.2d 476, 480 (6th Cir.), *cert. denied,* 484 U.S. 870 (1987). To successfully challenge a guilty plea on the ground of ineffective assistance of counsel, petitioner must show that his attorney's performance fell below an objective standard of reasonableness and show a reasonable probability that, but for counsel's errors, petitioner would not have pleaded guilty and would have insisted on going to trial. *Hill,* 474 U.S. at 59; *Nagi v. United States,* 90 F.3d 130, 134 (6th Cir. 1996), *cert. denied,* 519 U.S. 1132 (1997); *O'Hara v. Wigginton,* 24 F.3d 823, 828 (6th Cir. 1994).

With regard to petitioner's claim that trial counsel failed to object to the sentence imposed in alleged violation of *Blakely,* as demonstrated above, petitioner's *Blakely* claim is without merit and cannot support a claim of ineffective assistance of trial counsel in this habeas corpus proceeding. In any event, *Blakely* had not yet been decided at the time of petitioner's sentencing in November of 2003. Counsel's failure to anticipate the Supreme Court's ruling in *Blakely* does not constitute ineffective assistance of counsel. *See United States v. Burgess,* 142 Fed. Appx. 232, unpublished, 2005 WL 1515327 (6th Cir. 2005) (no ineffective assistance claim for failure to anticipate *Blakely* or *Booker*); *Green v. United States,* 65 F.3d 546, 551 (6th Cir. 1995) (lawyer's failure to predict Sixth

21

Circuit's approach to law did not constitute ineffective assistance of counsel); *Conley v. United States*, 2005 WL 1420843 (W.D. Mich. June 15, 2005) ("Competence, not prescience, is what the constitution requires.") (and cases cited therein).

To the extent petitioner claims his trial counsel was ineffective for failing to investigate the legality of the search warrant, arrest, and indictment and to object to the imposition of a sentence in violation of Ohio law (Doc. 10 at 17), such claim is without merit.  Petitioner's assertions that his trial  counsel was ineffective for failing to investigate his case concern actions taken during the pre-plea period which are barred by his guilty plea.  Claims about the deprivation of constitutional rights that occur before the entry of a guilty plea are foreclosed by that plea.  *See United States v. Broce*, 488 U.S. 563, 569 (1989); *Tollett v. Henderson*, 411 U.S. 258, 267 (1973).  The United States Supreme Court has explained:

> [A] guilty plea represents a break in the chain of events which has preceded it in the criminal process. When a criminal defendant has solemnly admitted in open court that he is in fact guilty of the offense with which he is charged, he may not thereafter raise independent claims relating to the deprivation of constitutional rights that occurred prior to the entry of the guilty plea. He may only attack the voluntary and intelligent character of the guilty plea by showing that the advice he received from counsel was not within [constitutional standards].

*Tollett,* 411 U.S. at 267.  A defendant who pleads guilty generally waives any non-jurisdictional claims that arose before his plea.  In such a case, the Court's inquiry is limited to whether the plea was knowing, intelligent, and voluntary.  *See Broce,* 488 U.S. at 569.  Accordingly, petitioner's claim that defense counsel was ineffective in his pre-trial investigation is foreclosed by his plea and petitioner is not entitled to relief on such a basis.

While petitioner may challenge the entry of his guilty plea on the basis that trial counsel's

ineffectiveness prevented the plea from being knowing and voluntary, *Tollett,* 411 U.S. at 266-67, petitioner has failed to make such a showing in this case. Petitioner does not challenge the voluntariness of his plea in this habeas corpus proceeding. Nor does he complain about his attorney's advice concerning the plea agreement. His claims relating to alleged ineffective assistance of trial counsel make no reference as to how his trial counsel's purported ineffectiveness invalidated his guilty plea. Moreover, petitioner admits he is not challenging the voluntariness of his guilty plea, but rather the sentence he received as a result. (Doc. 10 at 20). Because petitioner fails to contend his guilty plea was not entered knowingly, voluntarily and intelligently, with sufficient awareness of the relevant circumstances and likely consequences, *see, e.g., Brady v. United States,* 397 U.S. 742, 748 (1970); *Boykin v. Alabama,* 395 U.S. 238, 242 (1969); *King v. Dutton,* 17 F.3d 151, 153 (6th Cir.), *cert. denied,* 512 U.S. 1222 (1994), he is unable to challenge his conviction based on such claims in this habeas proceeding.

Nor has petitioner established that but for trial counsel's alleged failure to investigate or object to his sentence under Ohio law, there is a reasonable probability that he would not have pleaded guilty and insisted on going to trial. Petitioner has failed to prove or even allege the prejudice required to satisfy the second prong of the *Strickland* test as modified by *Hill.* Petitioner does not claim that, but for the alleged incompetence of his attorney, he would not have pled guilty and would have insisted on going to trial. Therefore, petitioner has failed to establish a reasonable probability that he would not have pleaded guilty and would have insisted on going to trial. His ineffective assistance of trial counsel claim is without merit and should be denied.

### 3. Petitioner's ineffective assistance of appellate counsel claim and *Anders* claim are

**without merit.**

Petitioner contends his appellate counsel was ineffective because he failed to argue the issues petitioner wished to raise on appeal to preserve his claims for federal habeas review, including his *Blakely* claim.  Petitioner also argues that appellate counsel failed to properly inform him of his intent to file an *Anders* brief to enable petitioner to file any additional claims pro se.

In this case, petitioner has not demonstrated that his appellate counsel's representation was constitutionally deficient as required under the first prong of the *Strickland* test.  As discussed above, petitioner's *Blakely* claim is without merit and cannot support a claim of ineffective assistance of appellate counsel in this habeas corpus proceeding.

In addition, the Court cannot say that appellate counsel's failure to raise a *Blakely* claim on direct appeal was objectively unreasonable.  At the time appellate counsel filed a brief on August 4, 2004 on behalf of petitioner, *Blakely* was less than two months old and *Booker* and *Foster* had not yet been decided.  Before the Ohio Supreme Court decided *Foster*, most of Ohio's appellate courts determined that *Blakely* did not apply to Ohio's sentencing statutes. *Foster,* 845 N.E.2d at 488.  As the court explained in *Foster,* these courts upheld the constitutionality of Ohio's sentencing statutes by distinguishing Ohio's hybrid, "complicated felony-sentencing plan, both determinate and indeterminate in nature and containing aspects of presumptive sentencing," from the state sentencing "grid system" found to be unconstitutional in *Blakely*, "or emphasiz[ing] a sentencing court's inability to exceed a statutory range through fact-finding, or characteriz[ing] required findings as traditional sentencing factors, or read[ing] the 'prior convictions' exception to *Apprendi [v. New*

24

*Jersey,* 530 U.S. 466 (2000),] broadly to uphold challenged sentences."[10]  *Foster,* 845 N.E.2d at 487-88 (footnotes containing citations to Ohio appellate court cases omitted).

Ohio's First District Court of Appeals, which decided petitioner's appeal, was one of the few appellate courts to recognize pre-*Foster* the applicability of *Blakely* to some of the provisions contained in Ohio's sentencing statutes.[11]  *See Foster,* 845 N.E.2d at 488 n.78 (citing *State v. Bruce,* 824 N.E.2d 609 (Ohio Ct. App. 1 Dist. 2005), and *State v. Montgomery,* 825 N.E.2d 250 (Ohio Ct. App. 1 Dist. 2005)).[12]  However, even that state appellate court held in an initial series of cases decided immediately after *Blakely* and prior to *Booker* that "*Blakely* does not affect Ohio's sentencing schemes." *Montgomery,* 825 N.E.2d at 251-52 & n.5 (citing First District Court of Appeals cases decided in 2004).  It was only after the Supreme Court decided *Booker* in January 2005, after the Ohio Court of Appeals had affirmed petitioner's conviction and sentence on direct appeal in the instant case, that the First District Court of Appeals "reevaluated our previous decisions and . . . determined that the Sixth Amendment does have a bearing on some of Ohio's sentencing statutes."

---

[10]In *Apprendi,* 530 U.S. at 490, an exception for prior criminal convictions was created, which was reaffirmed in *Blakely,* 542 U.S. at 301, when the Supreme Court held that "*[o]ther than the fact of a prior conviction*, any fact that increases the penalty for a crime beyond the prescribed statutory maximum must be submitted to a jury and proved beyond a reasonable doubt."  (Emphasis added).

[11]Specifically, the court applied *Blakely* to maximum sentences based on the judicial finding that the defendant committed one of the worst forms of the offense and to sentences exceeding the minimum for a first prison term.  *See State v. Banks,* Nos. C-040437, C-040503, 2005 WL 1414428, at *1 (Ohio Ct. App. 1 Dist. June 17, 2005) (unpublished), *appeal dismissed,* 836 N.E.2d 1229 (Ohio 2005).  In pre-*Foster* cases, the court also refused to extend *Blakely* to consecutive sentences, *see State v. McIntosh,* 828 N.E.2d 138, 142 (Ohio Ct. App. 1 Dist. 2005), or to maximum sentences based on the judicial finding that the defendant posed the greatest likelihood of recidivism given his history of prior convictions, *see State v. Lowry,* 826 N.E.2d 340, 350-52 (Ohio Ct. App. 1 Dist. 2005); *State v. Montgomery,* 825 N.E.2d 250, 254 (Ohio Ct. App. 1 Dist. 2005) (prior conviction exception inapplicable to prior "juvenile-delinquency adjudications and confinement in juvenile detention facilities"), *rev'd in part on other grounds by In re Ohio Criminal Sentencing Statutes Cases,* 847 N.E.2d 1174, 1180 (Ohio 2006).

[12]The Ohio Supreme Court later affirmed in part and reversed in part the *Bruce* and *Montgomery* appellate court decisions based on *Foster.  See In re Ohio Criminal Sentencing Statutes Cases,* 847 N.E.2d 1174, 1180 (Ohio 2006).

*Id.* at 252.       This federal Court is obligated under *Strickland,* 466 U.S. at 488, to make every effort to eliminate the "distorting effects of hindsight" and to apply a "highly deferential" standard of review to counsel's conduct.  Under this standard, petitioner has not met his burden of overcoming the "strong presumption" that his appellate counsel's conduct fell within the wide range of reasonable professional assistance based on all the circumstances surrounding the case.  In other words, this Court cannot say that counsel's alleged error in failing to raise a *Blakely* claim which was decided over seven months after petitioner was sentenced on November 23, 2003 and less than six months before his appeal was decided by the Ohio Court of Appeals in December 2004, was objectively unreasonable when evaluated from counsel's perspective at the time the challenged conduct occurred.[13]  Accordingly, petitioner is not entitled to habeas relief based on his claim of ineffective assistance of appellate counsel in failing to raise a *Blakely* claim.

Petitioner also contends that appellate counsel was ineffective because he failed to forewarn petitioner of his intent to file a brief pursuant to *Anders v. California,* 386 U.S. 738 (1983), or his right to present his claims pro se.  In Ground Three of the petition, petitioner raises a related claim, alleging that he was deprived of his right to present his constitutional claims pro se to the Ohio Court of Appeals. (Doc. 10 at 19).  In this regard, petitioner argues that he "had been denied his constitutional right of all jail-time credit." (Doc. 10 at 20).  Petitioner states he provided his court appointed counsel with the legal authority to support this claim on appeal, but counsel fails to argue

---

[13]Although the Court has determined that petitioner has not demonstrated his counsel was ineffective under the first prong of the *Strickland* test, it is noted that it would be difficult to establish "prejudice" at this point in time under the second prong of that test, because if petitioner's sentence were vacated and the case were returned to the state courts for re-sentencing at this juncture, the sentencing court would have full discretion under *Foster* to impose the same consecutive sentences, which fell within the statutory range for felonious assaults, without having to make any findings or giving any reasons for doing so.  *See Shafer v. Wilson*, No. 1:06-cv-0648, 2007 WL 315760, at *11 (N.D. Ohio Jan. 30, 2007).

26

the merits of this claim.  Petitioner also argues that appellate counsel failed to raise the state and federal challenges to his sentence. (Doc. 10 at 20).

In *Anders*, the Supreme Court held:

> [I]f counsel finds his case to be wholly frivolous, after a conscientious examination of it, he should so advise the court and request permission to withdraw.  That request must, however, be accompanied by a brief referring to anything in the record that might arguably support the appeal.  A copy of counsel's brief should be furnished the indigent and time allowed him to raise any points that he chooses; the court-not counsel-then proceeds, after a full examination of all the proceedings, to decide whether the case is wholly frivolous.  If it so finds it may grant counsel's request to withdraw and dismiss the appeal insofar as federal requirements are concerned, or proceed to a decision on the merits, if state law so requires.  On the other hand, if it finds any of the legal points arguable on their merits (and therefore not frivolous) it must, prior to decision, afford the indigent the assistance of counsel to argue the appeal.

*Id.* at 744.  To establish an ineffective assistance of appellate counsel claim on the basis of failure to comply with *Anders*, petitioner must satisfy both prongs of the *Strickland* test. *Smith v. Robbins,* 528 U.S. 259, 289 (2000).

The record reflects that petitioner's attorney and the state appellate court in this case followed the procedure outlined in *Anders*. *(See* Doc. 9, Exhs. 7, 9).  Counsel personally consulted with petitioner and requested and received in writing three letters from petitioner setting forth the grounds petitioner wished to raise on appeal. (Doc. 9, Exh. 7; Doc. 10, Exhs. A-D).  Although it does not appear from the record that petitioner presented a separate pro se brief in support of his appeal following counsel's presentation of the *Anders*' brief, counsel in facts presented each of petitioner's twelve concerns in his appellate brief for the Ohio Court of Appeals' consideration, including the jail-

time credit[14] and sentencing claims petitioner raises in his traverse brief. (Doc. 9, Exh. 7 at 8-13). Contrary to petitioner's allegations, he was not thereby deprived of the right to present his claims in the state's appellate process.[15]

Moreover, petitioner has failed to establish he suffered any prejudice as a result of counsel's actions.

> [A]lthough . . . indigents generally have a right to counsel on a first appeal as of right, it is equally true that this right does not include the right to bring a frivolous appeal and, concomitantly, does not include the right to counsel for bringing a frivolous appeal. . . . To put the point differently, an indigent defendant who has his appeal dismissed because it is frivolous has not been deprived of "a fair opportunity" to bring his appeal, for fairness does not require either counsel or a full appeal once it is properly determined that an appeal is frivolous.

*Smith v. Robbins,* 528 U.S. 259, 278 (2000) (footnote and citations omitted). Counsel has no obligation to raise meritless arguments on a client's behalf. *See Strickland,* 466 U.S. at 687-88. In addition, an indigent defendant "does not have a constitutional right to compel appointed counsel to press nonfrivolous points requested by the client, if counsel, as a matter of professional judgment, decides not to present those points." *Jones v. Barnes,* 463 U.S. 745, 751 (1983). Counsel "must be

---

[14]To the extent petitioner alleges he was denied jail time credit, the Judgment Entry shows petitioner was in fact granted credit under Case B0106498. (Doc. 9, Exh. 4). In any event, a state court's alleged misinterpretation of state crediting statutes is a matter of state concern only, *see Howard v. White,* 76 Fed. Appx. 52, 53, 2003 WL 22146139, *2 (6th Cir. 2003) (citing *Travis v. Lockhart,* 925 F.2d 1095, 1097 (8th Cir. 1991) and *Branan v. Booth,* 861 F.2d 1507, 1508 (11th Cir. 1988)), and state law issues are not cognizable on federal habeas review. *See Estelle,* 502 U.S. at 67-68.

[15]*Freels v. Hills,* 843 F.2d 958, 963 (6th Cir. 1988), cited by petitioner in support of this claim, is clearly distinguishable. In *Freels,* neither state appellate counsel nor the Ohio Court of Appeals made any reference to *Anders* in the direct appeal from Freels' plea of no contest. Nor was it clear from the record whether counsel consulted with or sought the advice of the defendant. Nor did the brief submitted by Freels' counsel refer to any of the claims of error alleged by the defendant in his own brief. Here, in contrast, it is evident that there was substantial compliance with *Anders* in nearly all respects.

allowed to decide what issues are to be pressed." *Id.*

Since petitioner pleaded guilty and by his own admission is not attacking the voluntariness of his plea (Doc. 10 at 20), he waived all constitutional challenges based on events that occurred prior to the entry of the plea. *Tollett v. Henderson,* 411 U.S. 258, 267 (1973).  Therefore, his only challenge on direct appeal could have been to the sentencing claims already considered and rejected by this Court.  Without reaching the question of counsel's performance, petitioner's ineffective assistance of counsel claim based on an alleged failure to comply with *Anders* is without merit because petitioner cannot establish prejudice.

Accordingly, petitioner's ineffective assistance of appellate counsel and *Anders* claims should be denied.

## IT IS THEREFORE RECOMMENDED THAT:

1.  Petitioner's petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254 (Doc. 1) be DENIED with prejudice.

2.  A certificate of appealability should not issue with respect to the claims alleged in the petition because petitioner has failed to make a substantial showing of the denial of a constitutional right based on these claims.  *See* 28 U.S.C. § 2253(c); Fed. R. App. P. 22(b).

3.  The Court certify pursuant to 28 U.S.C. § 1915(a)(3) that an appeal of any Order adopting this Report and Recommendation would not be taken in "good faith" and, therefore, DENY petitioner leave to proceed on appeal *in forma pauperis* upon a showing of financial necessity.  *See* Fed. R.

App. P. 24(a); *Kincade v. Sparkman,* 117 F.3d 949, 952 (6th Cir. 1997).

Date: 5/31/2007            s/Timothy S. Hogan
                          Timothy S. Hogan
                          United States Magistrate Judge

# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF OHIO
## WESTERN DIVISION

MARK D. SUTTLES,                                        Civil Action No. 1:06-cv-55
      Petitioner,

                                        Spiegel, J.

      vs.                                              Hogan, M.J.

JEFFREY WOLFE, WARDEN,
NOBLE CORRECTIONAL
INSTITUTION,
      Respondent.

## NOTICE

Attached hereto is a Report and Recommendation issued by the Honorable Timothy S. Hogan, United States Magistrate Judge, in the above-entitled habeas corpus action.  Pursuant to Fed. R. Civ. P. 72(b), which may be applied in this action under Rules 1 and 11 of the Rules Governing Section 2254 Cases in the United States District Courts, 28 U.S.C. foll. § 2254, any party may object to the Magistrate Judge's Report and Recommendation within ten (10) days after being served with a copy thereof.   Such party shall file with the Clerk of Court and serve on all other parties written objections to the Report and Recommendation, specifically identifying the portion(s) of the proposed findings, recommendations, or report objected to, together with a memorandum of law setting forth the basis for such objection(s).  Any response by an opposing party to the written objections shall be filed within ten (10) days after the opposing party has been served with the objections.  *See* Fed. R. Civ. P. 72(b).  A party's failure to make objections in accordance with the procedure outlined above may result in a forfeiture of his rights on appeal.  *See Thomas v. Arn,* 474  U.S. 140 (1985); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981).

1:06cv55 (Doc. 12)

**SENDER: COMPLETE THIS SECTION**

- Complete items 1, 2, and 3. Also complete item 4 if Restricted Delivery is desired.
- Print your name and address on the reverse so that we can return the card to you.
- Attach this card to the back of the mailpiece, or on the front if space permits.

1. Article Addressed to:

Mark Dionne Suttles
A459-214
Noble Corr. Inst.
15708 McConnelluille Rd.
Caldwell, OH 43724

**COMPLETE THIS SECTION ON DELIVERY**

A. Signature

X
☐ Agent
☐ Addressee

B. Received by ( Printed Name)    C. Date of Delivery

D. Is delivery address different from item 1?    ☐ Yes
   If YES, enter delivery address below:    ☐ No

3. Service Type
   ☑ Certified Mail    ☐ Express Mail
   ☐ Registered    ☐ Return Receipt for Merchandise
   ☐ Insured Mail    ☐ C.O.D.

4. Restricted Delivery? (Extra Fee)    ☐ Yes

2. Article Number
   (Transfer from service label)

7002 0860 0000 1409 5932

PS Form 3811, August 2001        Domestic Return Receipt        102595-01-M-2509