UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | | |
|---|---|---|
| MARK D. SUTTLES, | : | |
| | : | |
| Petitioner, | : | NO. 1:06-CV-00055 |
| | : | |
| v. | : | |
| | : | |
| JEFFREY WOLFE, WARDEN, | : | **OPINION AND ORDER** |
| NOBLE CORRECTIONAL | : | |
| INSTITUTION, | : | |
| | : | |
| Respondent. | : | |
| | : | |

This matter is before the Court on the Report and Recommendation in which the Magistrate Judge recommended that Petitioner's writ of habeas corpus be denied (doc. 12). Petitioner filed no objections. For the reasons indicated herein, the Court ADOPTS the Magistrate Judge's Report and Recommendation in its entirety and DENIES Petitioner's Petition.

**I. Background**

In August 2003, the Hamilton County Ohio Grand Jury indicted Petitioner on two counts of Preparation of Crack Cocaine for Sale, in violation of Ohio Rev. Code § 2925.03(A)(2); and two counts of Possession of Cocaine, in violation of Ohio Rev. Code § 2925.11(A) (doc. 12). On November 21, 2003, Petitioner entered into a plea agreement wherein he pleaded guilty to both counts of Preparation of Crack Cocaine for Sale in exchange for a sentence of ten years on one count and three years on the other count to run

consecutively, with dismissal of the remaining counts and specifications (Id.). Petitioner then filed a timely notice of appeal in the First District Court of Appeals on December 12, 2003; in August, however, new counsel for Petitioner filed a brief pursuant to Anders v. California, 386 U.S. 738 (1967), stating that he was unable to find any meritorious issue to present on appeal (Id.). Accordingly, on December 15, 2004, the First District Court of Appeals affirmed the judgment of the trial court after concluding that the proceedings below were free of prejudicial error (Id.).

Petitioner filed a pro se notice of appeal and motion for delayed appeal in the Supreme Court of Ohio on February 10, 2005; the court granted the motion and ordered him to file a memorandum in support of jurisdiction (Id.). On April 22, 2005, Petitioner filed his memo in support of jurisdiction, raising five points of law (Id.). However, on August 10, 2005, the Supreme Court of Ohio denied Petitioner leave to appeal and dismissed the appeal as not involving any substantial constitutional question (Id.).

In the meantime, while Petitioner's direct appellate review was pending in the Supreme Court of Ohio, he filed an application to reopen his direct appeal alleging he was denied effective assistance of appellate counsel (Id.). Petitioner asserted that his appellate counsel was ineffective because he failed to identify and raise as assignment of error that the

sentence imposed violated Blakely v. Washington, 542 U.S. 296 (2004), Ohio case law, and Ohio Criminal Rule 32(A); that the trial court failed to honor the plea agreement as to all jail time credit pursuant to Ohio law; that the trial court abused its discretion in imposing a twenty thousand dollar fine upon an indigent defendant without a hearing; and that the trial court impermissibly participated in the plea negotiations and assisted trial counsel's use of coercion and intimidation to compel Petitioner's guilty pleas (Id.).  On April 19, 2005, the state appellate court denied Petitioner's application concluding that a Crim. R. 32.1 motion to withdraw plea or a post-conviction petition were the appropriate vehicles to challenge the validity of his pleas, and that Petitioner's claims involving the trial court's sentencing determinations were barred under the doctrine of res judicata (Id.).

On May 23, 2005, Petitioner filed a pro se Notice of Appeal along with a pro se Memorandum in Support of Jurisdiction in the Supreme Court of Ohio, in which he raised two propositions of law (Id.).  On August 10, 2005, The high court accepted the appeal, but only as to Petitioner's first proposition of law: that Ohio's Appellate Rule 26(B)(1), (B)(2)(6), and (B)(5) mandated that application shall be granted if there is a genuine issue as to whether applicant was deprived of effective assistance of counsel on appeal (Id.).  The Supreme Court of Ohio sua sponte stayed the

matter pending the decisions in <u>State v. Quinones</u>, Case No.04-1771, and <u>State v. Foster</u>, Case No. 04-1568 (<u>Id.</u>).  The court also <u>sua sponte</u> appointed the Ohio Public Defender to represent Petitioner, replacing the attorney who had originally been appointed to assist in his appeal (<u>Id.</u>).  On May 3, 2006, the Supreme Court of Ohio <u>sua sponte</u> dismissed the appeal after concluding that it had been improvidently accepted (<u>Id.</u>).

   In January 2006, Petitioner filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254; on June 21, 2006, he amended the Petition as per his motion "to amend the newly exhausted state court claims from the Ohio Appellate Rule 26 (B) proceedings" (<u>Id.</u>).  In his pending Petition, Petitioner raised the following grounds for relief:

> **Ground One**: The conviction and sentence is (sic) void pursuant to the Sixth Amendment of the United States Constitution.
>
>> 1) Petitioner was denied his right to effective assistance of trial counsel, and court appointed appellate counsel to prosecute his appeal as of right.
>
> **Ground Two**: The conviction and sentence is (sic) void pursuant to the Fifth and Fourteenth Amendments to the United States Constitution Due Process and Equal Protection Clause(s).
>
>> 1) Petitioner [was] denied effective assistance of trial counsel in criminal case number B-0304149-B.
>>
>> 2) Petitioner [was] denied effective assistance of appellate counsel in [his] direct appeal from the trial court [in] criminal case number B-0304149-B in the first District Court of Appeals Number C-030908.

-4-

**Ground Three**: The First District Court of Appeals, in appeal number C-030908, has deprived the indigent in <u>pro se</u> his constitutional rights to present his constitutional claims and federal questions fairly in the state's appellate process.

**Ground Four**: The Supreme Court of Ohio, in Case Number 2005-0310, has deprived the indigent in <u>pro se</u> his constitutional right to present his constitutional claims and federal questions in the state's appellate process.

**Ground Five**: Ohio's Appellate Rule 26(B)(1), (B)(2)(6), and (B)(5), mandates that application "shall be granted if there is a genuine issue as to whether applicant was deprived of effective assistance of counsel on appeal." [U.S.C.A. Const. Amends. I, V, VI, XIV]

**Ground Six**: Evidence Rule 201 and 102 are mandatory when properly before the court upon matters that cannot be disputed by the parties, or the Court in this matter. Thus, the Court of Appeals has denied Appellant his rights of Due Process of Law and Equal Protection of the Law, and of Meaningful Access to the Court. [U.S.C.A. Const. Amends. I, V, VI, XIV]

(<u>Id.</u>).  The Magistrate Judge, after fully reviewing the Petition, found these claims without merit (<u>Id.</u>).

## II. The Report and Recommendation

The Magistrate Judge concluded that Grounds Four, Five and Six of the Petition fail to give rise to a cognizable constitutional claim subject to review in a federal habeas proceeding (<u>Id.</u>).  A federal court may review a state prisoner's habeas petition only on the ground that the challenged confinement violates the Constitution, law or treaties of the United States, and not on the basis of a perceived error of state law."  28 U.S.C. §2254(a); <u>Pulley v. Harris</u>, 465 U.S. 37, 41 (1984); <u>see also</u>

Estelle v. McGuire, 502 U.S. 62, 67-68 (1991)("it is not the province of a federal court to reexamine state-court determinations on state-law questions").  The Magistrate Judge found these three claims, which stem from alleged errors on second-tier discretionary review by the Ohio Supreme Court, as well as from the Ohio Court of Appeals' denial of Petitioner's application to reopen his direct appeal and denial of his motion requesting the court take judicial notice of supplemental authority, do not trigger concerns about a possible violation of Petitioner's federal constitutional right (doc. 12, citing Pulley, 465 U.S. at 41).  Accordingly, the Magistrate Judge found each of these claims without merit (Id.).

The Magistrate Judge considered each aspect of the remaining claims individually, and recommended their respective dismissal (Id.).  In Grounds One and Two, Petitioner contends that the trial court violated his constitutional rights when the court imposed a thirteen-year mandatory sentence based on findings not admitted to by Petitioner or found beyond a reasonable doubt by a jury in violation of Blakely v. Washington, 542 U.S. 296 (2004)(Id.).  Ground Four, as well, noted the Magistrate Judge, appears to assert that Petitioner's Blakely claim has been exhausted and should be addressed by the federal court on habeas review.  In Blakely, the United States Supreme Court held that an enhanced sentence imposed by a judge under a state's sentencing statute, which was based on facts neither admitted by the defendant

nor found by a jury, violated the Sixth Amendment to the United States Constitution.  542 U.S. at 302-304.  In the instant case, however, the Magistrate Judge found that the trial judge did not impose such an enhancement, that Petitioner received no more than the minimum terms permitted under the two counts for which Petitioner was convicted, and that Petitioner's plea of guilty established the facts of the violations (doc. 12).  The Magistrate Judge further rejected Petitioner's contention that the trial court erred in its interpretation and application of Ohio's sentencing laws; as this claim, like Grounds Four, Five, and Six, is simply not cognizable in federal habeas corpus.  (Id. citing 28 U.S.C. §2254(a); Pulley, 465 U.S. at 41).

        The Magistrate Judge next concluded that, despite the contrary decision in Friley v. Wolfe, 2006 WL 340209 (S.D. Ohio Nov. 27, 2006), because the trial court imposed a sentence based on facts Petitioner admitted to in the plea agreement, and not on any judicially ascertained facts, Petitioner's sentence could not be in violation of the Sixth Amendment or Blakely (Id.).  The Magistrate Judge also found without merit Petitioner's claim that his trial counsel was ineffective because he allegedly failed to object to the imposition of a sentence that violated Blakely and Ohio law, and failed to investigate the legality of the search warrant, arrest and indictment (Id.).  The Magistrate Judge opined that Petitioner failed to establish a reasonable probability that, but

for the alleged incompetence or prejudice of his attorney, he would not have pleaded guilty and would have insisted on going to trial (Id. citing Strickland v. Washington, 466 U.S. 668, 687 (1984)). Also, the Magistrate Judge noted that Blakely had not yet been decided at the time of Petitioner's sentencing in November 2003; counsel's failure to anticipate the Supreme Court's ruling does not constitute ineffective assistance of counsel. (Id. citing United States v. Buress, 142 Fed. Appx. 232, unpublished, 2005 WL 1515327 (6th Cir. 2005)(no ineffective assistance claim for failure to anticipate Blakely)).  Because claims about the deprivation of constitutional rights that occur before the entry of a guilty plea are foreclosed by that plea, United States v. Broce, 488 U.S. 563, 569 (1989); Tollett v. Henderson, 411 U.S. 258, 267 (1973), the Magistrate Judge determined that Petitioner's claim that defense counsel was ineffective in his pre-trial investigation of the search warrant, arrest, and indictment is foreclosed by his plea and Petitioner is not entitled to relief on such a basis (Id.). According to the Magistrate Judge, Petitioner has failed to establish a reasonable probability that he would not have pleaded guilty and would have insisted on going to trial, but for the alleged incompetence of his attorney (Id.).  As such, reasoned the Magistrate Judge, Petitioner's claim of ineffective assistance of trial counsel is without merit (Id.).

The Magistrate Judge next addressed Petitioner's

contention that his appellate counsel was ineffective because counsel failed to argue the issues Petitioner wished to raise on appeal to preserve Petitioner's claims for federal habeas review and that appellate counsel failed to properly inform Petitioner of counsel's intent to file an Anders brief (Id.).  The Magistrate Judge found the first part of these claims, referring to counsel's alleged failure to argue the appropriate issues, without merit because Petitioner has not demonstrated that his appellate counsel's representation was constitutionally deficient as required under the first prong of the Strickland test (Id. citing Strickland, 466 U.S. at 687).  As for Petitioner's claim that his counsel failed to inform Petitioner about counsel's intent to file an Anders brief, the Magistrate Judge similarly found such claim without merit (Id.).  The Magistrate Judge reviewed the record and found that Petitioner's attorney followed the procedure outlined in Anders, and that, in any event, his attorney presented each of Petitioner's twelve concerns in the appellate brief for the Ohio Court of Appeals' consideration (Id.).  Under these circumstances, the Magistrate Judge found no evidence that Petitioner suffered prejudice as a result of his counsel's actions (Id.).

Finally, the Magistrate Judge reported that since Petitioner pleaded guilty, and by his own admission is not attacking the voluntariness of his plea, he waived all constitutional challenges based on events that occurred prior to

the entry of the plea (Id. citing Tollett, 411 U.S. at 267).  In finding each of Petitioner's claims to be without merit, the Magistrate Judge recommended that Petitioner's petition for writ of habeas corpus pursuant to 28 U.S.C. §2254 be denied with prejudice (Id.).

## III. Conclusion

Having reviewed this matter, the Court finds the Magistrate Judge's Report and Recommendation thorough, well-reasoned, and correct.  Accordingly, the Court finds such Report and Recommendation well-taken in all respects.

The Parties were served with the Report and Recommendation and were therefore afforded proper notice of the Magistrate Judge's Report and Recommendation required by 28 U.S.C. § 636(b)(1)(C), including that failure to file timely objections to the Report and Recommendation would result in a waiver of further appeal.  See United States v. Walters, 638 F.2d 947, 949-50 (6th Cir. 1981).  Neither Party filed any objections thereto within the ten days provided for by Fed. R. Civ. P. 72(b) and 28 U.S.C. § 636(b)(1)(C).

Having reviewed this matter de novo pursuant to 28 U.S.C. §636(b), the Court ADOPTS the Magistrate Judge's Report and Recommendation in its entirety (doc. 12), and DENIES WITH PREJUDICE Petitioner's writ of habeas corpus (doc. 1).  Because Petitioner has failed to make a substantial showing of the denial of a

constitutional right in his petitions, the Court FINDS that a certificate of appealability should not issue with respect to the claims alleged in the Petition.  Finally, the Court CERTIFIES, pursuant to 28 U.S.C. § 1915(a)(3) that an appeal of this Order would not be taken in "good faith" and therefore DENIES Petitioner leave to appeal in forma pauperis upon a showing of financial necessity.  Fed. R. App. P. 24(a), Kincade v. Sparkman, 117 F.3d 949, 952 (6th Cir. 1997).


        SO ORDERED.


Dated: July 17, 2007          /s/ S. Arthur Spiegel
                              S. Arthur Spiegel
                              United States Senior District Judge